LABORDE, Judge,
dissenting.
I respectfully disagree with the majority opinion on the issue of custody only. The majority finds the case of Bergeron v. Ber-geron, 492 So.2d 1193 (La.1986) to be controlling in the instant case and finds that *585 because the trial court did not articulate a change of circumstances, or any deleterious circumstances, the trial court should be reversed and Wanda Joiner reinstated as primary domiciliary custodian of the minor child.
I find Bergeron, supra, is not controlling in this case for the following reasons. In Bergeron, supra, the mother had sole custody, and the father requested joint custody. The Louisiana Supreme Court held that the father must prove a change in circumstances warranting consideration of change in a custody decree. In the instant case, joint custody was already awarded to both parents but no visitation schedule had been determined. Thus, Bergeron, supra, is inapplicable and there is no need to prove a change in circumstances or that custody with the mother was so deleterious as to warrant a change of custody. The trial court merely set forth a schedule where both parents would have equal access to the child. I find the court did not commit manifest error in modifying the custody judgment, and this case should be affirmed. Therefore, I respectfully dissent.